UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICKI GLANZ | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 15 C 6337 |
| v. | )<br>) |
| | ) Judge Sara L. Ellis |
| THE STATE OF ILLINOIS, TROOPER<br>EHLERS STAR #6131, AND AS-YET-<br>UNKNOWN ILLINOIS STATE TROOPERS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER

After she was allegedly wrongfully accused of and prosecuted for drinking and driving, Vicki Glanz filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Defendants the State of Illinois, Trooper Ehlers, and unknown Illinois state troopers.[1] In her complaint, Glanz brings excessive force and false arrest claims.[2] Ehlers has filed a motion to dismiss Glanz's false arrest claim (Count II), arguing that it is barred by the existence of probable cause.[3] The Court grants the motion to dismiss [19] because Glanz has not plausibly alleged that Ehlers lacked probable cause to stop her.

---

[1] The Court notes that the State of Illinois has not moved for dismissal nor has it answered the complaint. Count IV, the excessive force claim, remains against Ehlers and the State of Illinois. While there are grounds for dismissal of the State of Illinois, particularly based on the Eleventh Amendment, the Court will not defend this case for the State.

[2] Glanz's original complaint included additional Counts, notably a claim for § 1983 violations titled "Failure to Implement Appropriate Policies, Customs and Practices" (Count III) and a claim under 42 U.S.C. § 1985(3) for "Conspiracy to Deprive Constitutional Rights" (Count V). Doc. 1 at 7–9. Glanz voluntarily dismissed these claims without prejudice. *See* Docs. 10, 12.

[3] Ehlers also moved to dismiss Count I of Glanz's complaint, titled "42 U.S.C. §1983 – General Allegations." Glanz concedes that the Court should dismiss this count, *see* Doc. 20 at 4; thus, the Court will not address it further.

# BACKGROUND[4]

On July 20, 2013, Glanz was driving her vehicle northbound on Halsted Street toward I-294 near Harvey, Illinois. Glanz was not from the area and was trying to find her way back home. Ehlers followed her for at least two blocks and then pulled her over at Halsted and 162nd Streets.[5] According to the police report, Ehlers pulled Glanz over for speeding and improper lane usage. Upon request, Glanz produced a valid driver's license and insurance. When asked if she had been drinking, she responded that she had not. Ehlers then ordered Glanz out of her car, using "aggressive language." Doc 1. ¶ 17.

Instead of stepping out of her car, Glanz tried to call for additional police assistance because she feared for her safety. Ehlers, however, "forcefully snatched away" Glanz's phone, opened her door without permission, and took her keys out of the ignition. *Id.* ¶¶ 18, 20. He then reached over Glanz's body, removed her seatbelt, forcefully handcuffed her left wrist, and removed her from the car. Ehlers threw Glanz to the ground, "ramm[ing] his knee into her spinal cord" and bending both her arms while Glanz screamed for help. *Id.* ¶¶ 24, 26. Although she did not undergo a field sobriety or portable breath test, Ehlers arrested Glanz for driving under the influence of alcohol, as well as resisting the arrest of an officer, speeding, improper lane usage, and illegal transportation of alcohol.

---

[4] The facts in the background section are taken from Glanz's complaint and presumed true for the purpose of resolving Ehlers' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

[5] Although the complaint refers generally to "Defendant Officer(s)," because Ehlers is the only identified officer, the Court will refer to him whenever the complaint refers to "Defendant Officer(s)." This is consistent with Ehlers' recitation of the allegations of the complaint.

On September 26, 2013, after viewing a video of the incident and hearing Glanz's testimony, a judge granted Glanz's petition to rescind statutory summary suspension.[6] On January 9, 2014, the Cook County State's Attorney's Office voluntarily dismissed the driving under the influence, improper lane usage, illegal transportation of alcohol, and resisting an officer charges.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Ehlers moves to dismiss Glanz's false arrest claim, arguing that she has not properly alleged that he lacked probable cause to arrest her for improper lane usage and speeding, the two

---

[6] According to the Illinois Secretary of State's website, a "statutory summary suspension" occurs when an individual is arrested for driving under the influence of alcohol and refuses to submit to chemical testing or submission to testing reveals a blood alcohol concentration of .08 or more. *See* Illinois Secretary of State, Driver Services, FAQ, https://www.cyberdriveillinois.com/departments/drivers/faq.html; *see also* 625 Ill. Comp. Stat. 5/1-197.5, 5/6-208.1. An individual can then apply for a judicial hearing, after which the circuit court may sustain or rescind the summary suspension. 625 Ill. Comp. Stat. 5/2-118.1.

3

offenses for which Ehlers initially stopped Glanz. Probable cause defeats § 1983 claims for false arrest "if the arresting officer had probable cause to make the arrest for any reason." *Maniscalco v. Simon*, 712 F.3d 1139, 1144 (7th Cir. 2013); *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("[P]robable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause[.]"). Thus, Ehlers argues, even if he did not have probable cause to arrest Glanz for driving under the influence, resisting arrest, or illegal transportation of alcohol, her false arrest claim fails because he nonetheless had probable cause to arrest her for speeding and improper lane usage. *See Maniscalco*, 712 F.3d at 1144 (although defendants did not have probable cause to arrest plaintiff for driving under the influence, the false arrest claim failed because defendants had probable cause to arrest plaintiff for disorderly conduct); *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011) ("The existence of probable cause to arrest a suspect for any offense, even one that was not identified by the officers on the scene or in the charging documents, will defeat a Fourth-Amendment false-arrest claim."). Alternatively, Ehlers argues that Glanz's allegations concerning the lack of probable cause are conclusory and should not be credited.

Although there may have been probable cause for the speeding and improper lane usage charges, the Court at this stage agrees with Ehlers' alternative argument that Glanz has failed to properly set forth that Ehlers lacked probable cause in her complaint. In order to properly plead her false arrest claim, Glanz must plead that Ehlers lacked probable cause to pull her over for the initial traffic violations. *See Szach v. Vill. of Lindenhurst*, No. 14 C 7441, 2015 WL 3964237, at *7 (N.D. Ill. June 25, 2015); *Neita v. Calandriello*, No. 14 C 1107, 2014 WL 5507481, at *3 (N.D. Ill. Oct. 30, 2014). An officer has probable cause to arrest an individual "if he has reason

4

to believe, in light of the facts known at the time, that the suspect has committed or is about to commit a crime." *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 655 (7th Cir. 2012). Probable cause "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (citation omitted) (internal quotation marks omitted).

Here, Glanz's complaint contains no allegations that Ehlers lacked probable cause to stop her. Although she claims her arrest was "unlawful," *see* Doc. 1 ¶ 3, this is the closest she comes to alleging even in a conclusory fashion that Ehlers' initial stop lacked probable cause. Under *Twombly* and *Iqbal*, mere "labels and conclusions" are not sufficient to state a claim, *Iqbal*, 556 U.S. at 678, and Glanz's complaint says nothing about the facts and circumstances known to Ehlers at the time he stopped her. Instead, it omits details that would allow the Court to infer at this stage that Glanz was not speeding or using improper lanes. Thus, the Court dismisses Glanz's false arrest claim for failure to properly plead lack of probable cause. *See Neita*, 2014 WL 5507481, at *3 (dismissing false arrest claim where plaintiff did not provide facts from which the Court could infer that defendants arrested him without probable cause); *Bugariu v. Town of St. John, Ind.*, No. 2:13-cv-00355, 2014 WL 958025, at *3 (N.D. Ind. Mar. 12, 2014) (dismissing false arrest claim where plaintiff did not plead any facts related to lack of probable cause, noting that the fact that charges were dismissed based on lack of evidence or probable cause did not mean that probable cause did not exist for the arrest).

## CONCLUSION

For the foregoing reasons, the Court grants Ehlers' motion to dismiss [19] and dismisses Counts I and II without prejudice.

Dated: May 4, 2016

_____
SARA L. ELLIS
United States District Judge